IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT PALACIO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALAMO LIVESTOCK, LLC, a Texas Limited ) <br> Liability Company; NATIONAL LIABILITY ) <br> AND FIRE INSURANCE, a Connecticut ) <br> Corporation; GERALD OSTOWIECKI, an ) <br> individual; SOUTHERN PINES TRUCKING, ) <br> INC., a Pennsylvania Corporation; ) <br> GREAT WEST CASUALTY, a Nebraska ) <br> Corporation; and EVA HENRY, M.D., ) <br> an individual, ) <br> ) <br> Defendants. ) | Case No. CIV-23-00526-JD |

## ORDER

Before the Court is Plaintiff Robert Palacio's ("Palacio") Motion to Remand ("Motion"). [Doc. No. 19]. Southern Pines Trucking, Inc., Alamo Livestock, LLC, and National Liability and Fire Insurance (collectively "Defendants") filed responses opposing the Motion. [Doc. Nos. 21, 22]. Palacio filed a reply. [Doc. No. 23]. For the following reasons, the Court grants the Motion.

### I.   BACKGROUND

Palacio was involved in a multi-vehicle traffic collision. With the exception of Dr. Eva Henry, all Defendants were either individuals driving vehicles involved in the collision or entities somehow associated with the individuals who were directly involved. Palacio was severely injured in the collision and received treatment from Dr. Henry. He

filed suit against Defendants in the District Court of Blaine County. He claims that all Defendants were negligent in some capacity.

Southern Pines Trucking removed the case under 28 U.S.C. §§ 1332, 1441, and 1446. [Doc. No. 1]. Like Palacio, Dr. Henry is domiciled in Kansas. However, in its Notice of Removal, Southern Pines Trucking states that Palacio "has no reasonable procedural basis to join [Dr. Henry] in this action, except to defeat diversity jurisdiction. Therefore, because [Dr. Henry] was improperly joined to this action, her citizenship should be disregarded for the purpose of determining whether complete diversity exists." [Doc. No. 1 at 4].

## II.     LEGAL STANDARD

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). "A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (citing 28 U.S.C. § 1441(a)). But this Court must remand "'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Id.* (brackets omitted) (quoting 28 U.S.C. § 1447(c)). The party invoking federal jurisdiction bears the burden of showing jurisdiction is proper, and "there is a presumption against its existence." *Id.* (citation omitted); *cf. Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) ("Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." (citations omitted)).

**III.     ANALYSIS**

Defendants maintain that Dr. Henry's domicile should be disregarded since she was procedurally misjoined. However, in their responses, they also advance arguments pertaining to fraudulent joinder for the first time.[1] Defendants contend that joinder of Dr. Henry is fraudulent because Palacio "cannot establish a cause of action against Dr. Henry." [Doc. No. 21 at 5].

Procedural misjoinder "occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010) (unpublished) (citation omitted). Courts that apply the doctrine effectively carve away procedurally misjoined parties, resolving the jurisdictional spoiler and leaving the court with diversity jurisdiction.

The Tenth Circuit has declined to either adopt or reject the doctrine of procedural misjoinder at least twice. *See Parson v. Johnson & Johnson*, 749 F.3d 879, 893 (10th Cir. 2014) (declining to "determine whether to recognize the doctrine of '[procedural] misjoinder of plaintiffs . . . to circumvent diversity jurisdiction,' a rule that the defendants admit has not yet been adopted within this circuit") (citation omitted); *Lafalier*, 391 F. App'x at 739 ("There may be many good reasons to adopt procedural misjoinder, as the

---

[1] Southern Pines Trucking acknowledges that it "did not specifically assert fraudulent joinder in its Notice of Removal." [Doc. No. 21 at 3 n.1].

Insurers argue. But we need not decide that issue today . . . ."). There is no binding authority adopting or requiring the application of the doctrine of procedural misjoinder within the Tenth Circuit. Accordingly, the Court refrains from adopting or applying the doctrine here. Since the Court declines to disregard Dr. Henry's domicile under procedural misjoinder, it must consider Defendants' fraudulent joinder arguments.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "This section, however, has been construed to permit only the correction of technical defects in a notice of removal; it does not provide a vehicle by which a defendant can assert a completely new ground for removal." *Ethridge v. Prime Conduit*, No. CIV-11-1350-L, 2012 WL 400034, at *2 (W.D. Okla. Feb. 7, 2012). *See also* 14 C. Wright & A. Miller, *Federal Practice & Procedure* § 3733 (Rev. 4th ed.) (updated April 2023) ("[D]efendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proffered basis of removal . . . .").

Despite basing jurisdiction in the Notice of Removal solely on procedural misjoinder, Defendants now seek to add in their responses a new basis for federal subject matter jurisdiction—fraudulent joinder. Like other judges in this district, "[t]he Court finds that Defendants should not be allowed to raise a new legal theory of removal—a claim of fraudulent joinder—and present new factual allegations to support removal without amending their removal pleading." *Hanson v. Dollar Gen.*, No. CIV-21-362-D,

4

2021 WL 2026452, at *3 (W.D. Okla. May 20, 2021).[2] Here, Southern Pines Trucking has not moved to amend the Notice of Removal, and the Court declines to *sua sponte* permit it to do so. *Cf. United States v. Sineneng-Smith*, 590 U.S. ----, 140 S. Ct. 1575, 1579 (2020) (explaining that "our adversarial system of adjudication . . . follow[s] the principle of party presentation" and parties represented by competent counsel "are responsible for advancing the facts and argument entitling them to relief") (internal quotation marks and citation omitted).

## IV.   CONCLUSION

For these reasons, the Court lacks subject matter jurisdiction over this action, GRANTS Plaintiff's Motion to Remand [Doc. No. 19], and REMANDS this case to the District Court of Blaine County, Oklahoma, Case No. CJ-2023-00004. *See* 28 U.S.C. § 1447(c). The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Blaine County, Oklahoma. Each side shall bear his or their own attorney's fees, costs, and expenses incurred as a result of the removal.

---

[2] Other district courts in this circuit have concluded that it is improper for a removing party to assert additional reasons for removal in response to a motion to remand. *See Iconic Med. Grp., LLC v. Lonahte Holdings, LLC*, Civil Action No. 21-cv-00474-PAB, 2021 WL 2678614, at *2 (D. Colo. June 30, 2021) (recognizing that the defendant "may not, through a response to a motion to remand, attempt to add a new basis for the Court's jurisdiction that was not asserted at the time of removal or within the thirty day window for removal"); *Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1301–05 (D.N.M. 2011) (explaining that a defendant may not avoid remand by arguing an additional basis of subject matter jurisdiction not asserted in the original notice of removal).

IT IS SO ORDERED this 8th day of March 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE